IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LYNNE FREED CARTWRIGHT,<br><br>    Plaintiff,<br><br>v.<br><br>SALT LAKE COMMUNITY COLLEGE, CYNTHIA BIOTEAU, DONALD L. PORTER, STEVE PARRISH, BRENT H. GOODFELLOW, KENT FERREL, DAVE THOMAS, CRAIG GARDNER, and DENEECE HUFTALIN,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS<br><br><br><br>Case No. 2:12-CV-86 TS |

This matter is before the Court on Defendants Salt Lake Community College, Cynthia Bioteau, Donald Porter, Brent Goodfellow, Kent Ferrel, Steve Parrish, Dave Thomas, Craig Gardner, and Deneece Huftalin's (collectively "Defendants") Motion to Dismiss.[1]  Defendants move to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Rule 12(b)(6).  For the reasons discussed more fully below, the Court will grant in part and deny in part Defendants' Motion.

---

[1]Docket No. 7.

I.  BACKGROUND

On May 5, 2012, Plaintiff filed a complaint under 42 U.S.C. § 1983 alleging that Defendants' actions in terminating her employment deprived Plaintiff of her property interest in her job without due process of law under the Fourteenth Amendment to the U.S. Constitution. Plaintiff further alleges that Defendants' actions have prevented her from obtaining comparable employment.  Plaintiff's Complaint seeks money damages as well as injunctive relief.  The following factual statement is drawn from Plaintiff's Complaint.

Plaintiff was employed with Salt Lake Community College ("SLCC") as the Internal Auditor.  On November 8, 2005, Kent Ferrel ("Ferrel"), who was Controller and Acting Vice President at SLCC at all times relevant, began the process of termination by issuing Plaintiff a written warning.  On April 11, 2006, Plaintiff met with Brent Goodfellow ("Goodfellow"), and Goodfellow provided Plaintiff written notice of SLCC's intent to terminate Plaintiff's employment.  Plaintiff subsequently provided additional documentation for Goodfellow's review.  On April 18, 2006, Goodfellow sent Plaintiff an additional written notice of SLCC's intent to terminate Plaintiff's employment.  That notice indicates that:

> After spending a considerable amount of time evaluating and reviewing the documentation presented in your response and correlating it with information collected through resources of the College, I have determined that there is sufficient information to substantiate cause for termination of your employment at [SLCC] as the Internal Auditor.  This termination is effective today, April 18, 2006.[2]

The notice also informed Plaintiff that if she disagreed with her termination, the SLCC grievance procedure was available to her.

---

[2]Docket No. 4, at 5–6.

On May 15, 2006, Plaintiff submitted a formal grievance with SLCC and requested to proceed directly to a hearing with the grievance committee. Lynn Miller ("Miller") signed Plaintiff's submission, acknowledging receipt on behalf of SLCC. Plaintiff then received a letter from Craig Gardner ("Gardner"), the Director of Human Resources, asking Plaintiff to work with Deneece Huftalin ("Huftalin"), the Student Services Vice President.

Plaintiff met with Huftalin on or about May 31, 2006. This meeting did not result in a resolution of Plaintiff's grievance. Plaintiff informed Huftalin at that time that she planned to proceed with the grievance process. On June 28, 2006, Plaintiff received a letter from Gardner which states:

> Since you did not contact me by June 21, which was 10 working days after receiving this instruction from VP Huftalin, and since you have not submitted a completed grievance hearing request form to the Human Resources Office, this letter is to inform you that your grievance has been terminated in accordance with College policy and procedure. Therefore, your administrative remedies with SLCC have been exhausted.[3]

Plaintiff responded to Gardner on July 3, 2006, explaining that she had filed a formal grievance as of May 15, 2006, and renewing her request to proceed with her grievance remedies. Plaintiff provided courtesy copies of her response to the Business Services Vice President, Dennis Klaus, and Risk Manager Nancy Sanchez. Plaintiff received no reply.

## II. STANDARD OF REVIEW

Defendants challenge the sufficiency of Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(1). Defendants' Rule 12(b)(1) motion constitutes a facial attack on the allegations of subject matter jurisdiction contained in Plaintiff's Complaint. Accordingly, for

---

[3]Docket No. 16 Ex. B, at 2.

purposes of Defendants' 12(b)(1) arguments, the Court will presume all of the allegations contained in Plaintiff's Complaint to be true.[4]

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[5] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[6] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[7] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[8]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[9] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not

---

[4]*See Ruiz v. McDonnel*, 299 F.3d 1173, 1180 (10th Cir. 2002).

[5]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[6]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[7]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8]*Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[9]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.[10]

In considering the adequacy of a plaintiff's allegations in a complaint subject to a motion to dismiss, a district court not only considers the complaint, but also "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[11] Thus,

> notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, "[a] district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[12]

### III. DISCUSSION

Defendants move for dismissal of Plaintiff's Complaint as a matter of law on the following basis: (1) SLCC is not a "person" subject to suit under § 1983; (2) the Complaint is barred by the applicable statute of limitations; (3) the Eleventh Amendment to the United States Constitution grants Defendants immunity from suit in their official capacity; and (4) the Complaint fails to meet the applicable pleading standards.

A.   SECTION 1983 AND STATUTE OF LIMITATIONS

In the course of the briefing on this Motion, each of the parties made certain concessions. First, Plaintiff conceded that SLCC is not a "person" subject to suit under § 1983. Next, Defendants conceded that Plaintiff's Complaint is not barred by the applicable statute of

---

[10] *Iqbal*, 556 U.S. at 678–79 (alteration in original) (internal quotation marks and citations omitted).

[11] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B WRIGHT & MILLER § 1357 (3d ed. 2004 & Supp. 2007)).

[12] *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

limitations. Therefore, the Court will grant Defendants' Motion in part and dismiss SLCC, but will deny Defendants' Motion to the extent it seeks dismissal of this case on statute of limitations grounds.

B.  ELEVENTH AMENDMENT IMMUNITY

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."[13] "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court."[14] This Eleventh Amendment sovereign immunity extends to public universities as arms of the state because any awards to the plaintiff in damages would come from the state treasury.[15] Similarly, Eleventh Amendment immunity also applies to public officers sued in their official capacity because any awards in damages would "to a virtual certainty" come from state funds.[16]

Here, Plaintiff's Complaint names each of the Defendants in their official capacity. Further, Plaintiff included in her prayer for relief a claim for money damages. Because Defendants are state officials, a damage award against Defendants in their official capacities would, to a virtual certainty, come from state funds. Thus, Plaintiff is precluded by the Eleventh

---

[13] U.S. Const. amend. XI.

[14] *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001).

[15] *Watson v. Univ. of Utah Med. Ctr.*, 75 F.3d 569, 575 (10th Cir. 1996).

[16] *Edelman v. Jordan,* 415 U.S. 651, 668 (1974).

Amendment from bringing a claim for damages against the Defendants in their official capacities.[17]

Plaintiff does not appear to dispute this result in her opposition to Defendants' Motion. Rather, Plaintiff argues that the *Ex parte Young* exception applies to Plaintiff's claims for prospective injunctive relief. While Plaintiff raises an intriguing issue, that issue is not before the Court on this Motion. Defendants' Motion seeks only the exclusion of retrospective damages.

In light of the preceding analysis, the Court finds that the Eleventh Amendment forecloses recovery of money judgment from the Defendants in their official capacities and, thus, the Court is without jurisdiction to grant such relief. As Defendants have not sought dismissal of Plaintiff's claims for prospective injunctive relief, the Court expresses no opinion on the viability of those claims.

C.   12(b)(6)

Defendants' final argument is that Plaintiff has failed to plead facts sufficient to state a claim for relief against the Defendants in their personal capacities.

In order to sufficiently plead a § 1983 claim, a plaintiff must assert facts that would create a plausibility of liability. In order to establish personal liability in a § 1983 claim, "it is enough to show that [a public] official, acting under color of state law, caused the deprivation of a federal

---

[17]*See id.* at 663 ("[W]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its [Eleventh Amendment] sovereign immunity from suit even though individual officials are nominal defendants.").

right."[18] In the area of employment, a plaintiff must show that the defendant deprived her of the property of her employment without due process of law as defined in the Due Process Clause of the Fourteenth Amendment.[19] "[T]he root requirement" of the Due Process Clause is "that an individual be given an opportunity for a hearing before he is deprived of any significant property interest" such as his job.[20] This is a Constitutional guarantee independent of any legislative action.[21] As such, a violation of school policy or state law does not in and of itself constitute a constitutional deprivation for § 1983 purposes.[22]

Further, in order to find an individual personally liable under a § 1983 claim, it must be shown that the individual personally and "deliberately" deprived the defendant of her property right without due process.[23] This personal involvement criteria does not mean that an individual must directly participate in the deprivation of rights but only that the individual must cause deprivation of those rights.[24] It is possible to cause the deprivation of due process rights through acquiescence rather than direct participation.[25]

---

[18]*Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

[19]*Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985).

[20]*Id.* at 542 (quoting *Mullane v. C. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950)).

[21]*Id.* at 541.

[22]*Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 522 (10th Cir. 1998).

[23]*See Iqbal*, 556 U.S. at 676; *Daniels v. Williams*, 474 U.S. 327, 331 (1986); *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992).

[24]*Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010) *cert. denied*, 131 S. Ct. 2150 (2011).

[25]*Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006).

Here, Plaintiff alleges that Defendants deprived her of the property of her employment without due process of law because she was denied a formal grievance hearing as required by SLCC policy. A violation of SLCC policy is not itself actionable under § 1983. However, it is at least plausible that Defendants' failure to grant Plaintiff a formal grievance hearing constitutes a denial of Plaintiff's due process rights. To maintain a claim against Defendants in their personal capacities for this alleged deprivation, Plaintiff must plead facts sufficient to demonstrate that each Defendant, through his or her personal and deliberate actions, deprived Plaintiff of the grievance hearing—thus creating the plausibility that they deprived her of her job without due process of law.

Turning to the individual Defendants, the Court begins by noting that Plaintiff's Complaint contains no factual allegations against Defendants Cynthia Bioteau, Donald Porter, Steve Parrish, and Dave Thomas. In her opposition, Plaintiff asserts that these Defendants are liable in their personal capacities because they were involved in Plaintiff's termination as demonstrated by the documents referenced in Plaintiff's Complaint. Plaintiff's argument is unavailing. Even if these Defendants were involved in Plaintiff's termination, Plaintiff has made no factual allegations that they were in any way involved in the deprivation of her right to a hearing. For this reason, the Court finds that Plaintiff has failed to plead facts sufficient to maintain a cause of action against these Defendants.

Similarly, the Court will grant Defendants' Motion as to Defendants Goodfellow and Ferrel. While Plaintiff's Complaint contains factual allegations against Goodfellow and Ferrel, these factual allegations relate only to the decision to terminate Plaintiff. Therefore, Plaintiff has failed to state a claim for relief against Defendant Goodfellow and Ferrel.

The remaining Defendants, Gardner and Huftalin, present a more difficult case. The relevant facts asserted against Huftalin are that Huftalin had a meeting with Plaintiff, that the grievance was not settled in that meeting, and that Huftalin knew that Plaintiff intended to continue with the grievance process. At best, Plaintiff may argue that Huftalin acquiesced in the deprivation of her right to a hearing. This argument however must fail, as Plaintiff has included no allegations from which the Court could surmise that Huftalin was even aware that Plaintiff would later be deprived of the opportunity for a grievance hearing. As such, the Court finds that Plaintiff has failed to alleged sufficient facts to state a claim against Huftalin in her personal capacity.

The relevant facts asserted against Gardner are that he sent a letter to Plaintiff informing her that her administrative remedies had been exhausted because she had not requested a formal grievance hearing, even though other asserted facts indicate that she had requested a hearing. Additionally, Gardner did not respond to Plaintiff's subsequent inquiries asking for the hearing that she had previously requested. Although these facts do not necessarily show that Gardner deliberately denied her a hearing, they do plausibly suggest that such could be the case. These facts raise the claim against Gardner from a speculative and conceivable level to a plausible level, and they create a reasonable expectation that discovery will reveal evidence that he did deliberately deprive Plaintiff of her due process rights. Therefore, the Court will deny Defendants' Motion to the extent it seeks dismissal of Plaintiff's claims against Defendant Gardner in his personal capacity.

In sum, the Court finds that Plaintiff's Complaint fails to state a claim for relief against the named Defendants in their personal capacities, with the exception of Defendant Gardner.

D.	LEAVE TO AMEND

Plaintiff asserts in her opposition that, in the event the Court finds her Complaint deficient, she should be granted leave to amend prior to dismissal. However, Plaintiff has not provided "adequate notice to the [Court] and to the opposing party of the basis of the proposed amendment."[26] Therefore, the Court is under no obligation to recognize Plaintiff's request as a motion for leave to amend.[27] If, after receipt of this Court's ruling, Plaintiff is inclined to seek leave to amend, Plaintiff may file a properly supported motion for leave to amend pursuant to Federal Rule of Civil Procedure 15 and DUCivR 15-1 for the Court's consideration.

IV.  CONCLUSION

Based on the foregoing, the Court finds it is without jurisdiction to hear Plaintiff's claim for money damages against Defendants in their official capacity. In addition, the Court will grant Defendants' Motion to the extent it seeks dismissal of SLCC and dismissal of all claims against Defendants in their personal capacities, with the exception of Plaintiff's claims against Defendant Gardner. It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 7) is GRANTED IN PART AND DENIED IN PART, pursuant to the terms of this Order.

---

[26] *Calderon v. Kan. Dep't of Soc. and Rehab. Servs.*, 181 F.3d 1180, 1186–87 (10th Cir. 1999).

[27] *Id.*

DATED   December 7, 2012

BY THE COURT:

_____
TED STEWART
United States District Judge